UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANJING YU, | No. 1:25-cv-2040 DJC AC |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner was admitted to the United States as a non-immigrant visitor on October 5, 2019, with authorization to remain in the country until April 4, 2020. ECF No. 6-1 at 1; ECF No. 12 at 3; ECF No. 13 at 1. On August 23, 2025, petitioner was arrested for an alleged violation of California Penal Code § 245(a)(1), assault with a deadly weapon other than a firearm. ECF No. 6-1 at 1-2; ECF No. 12 at 3. The county district attorney's office declined to prosecute, and petitioner was never charged. ECF No. 12 at 3; ECF No. 13 at 2. On November 15, 2025, petitioner was detained by Immigration and Customs Enforcement (ICE). ECF No. 13 at 1.

Petitioner was scheduled to have a custody redetermination hearing on December 5, 2025, but records indicate that the hearing did not occur because she had been transferred to a different

1

facility.  Id. at 2.  On January 7, 2026, petitioner had her first custody redetermination hearing and the immigration judge denied bond, finding petitioner to be a danger to the community based on her arrest for violating Penal Code § 245(a)(1).  ECF No. 12 at 4; ECF No. 13 at 2.  Petitioner did not appeal the decision but appears to have attempted to file a motion for reconsideration, which was rejected on February 18, 2026, because it was improperly filed.  ECF No. 13 at 2; ECF No. 13-1 at 1.  On February 24, 2026,[1] petitioner received a second custody redetermination hearing.  ECF No. 13 at 2; ECF No. 13-1 at 2.  Although petitioner appears to argue that the immigration judge again denied bond based on a finding of dangerousness (ECF No. 12 at 3), the order submitted by respondents indicates that bond was instead denied on the ground that petitioner was "a flight risk such that no amount of bond or conditions would secure her future Court appearances" (ECF No. 13-1 at 2).  It is unclear whether petitioner filed an appeal.  See ECF No. 13 at 2 (stating that petitioner had not yet filed an appeal but the time to do so had not yet expired).

II.    Procedural History

On December 24, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention by the DHS.  ECF No. 1.  Respondents moved to dismiss the petition (ECF No. 6), which petitioner opposed (ECF No. 9).  Because petitioner raised claims in her opposition to the motion to dismiss which had not been raised in the petition, she was directed to file an amended petition if she wanted those claims considered.  ECF No. 11.  On February 27, 2026, petitioner filed a first amended petition setting out completely different claims from those set forth in the original petition.  Compare ECF No. 1 with ECF No. 12.

The amended petition asserts that (1) petitioner's detention is unlawful under § 2241 because her arrest does not constitute clear and convincing evidence of dangerousness; (2) the

---

[1] Petitioner states that the immigration judge denied her motion to reconsider bond on January 24, 2026, after she submitted evidence that criminal charges were not being filed.  ECF No. 12 at 3.  However, petitioner does not provide a copy of any order from January 24, 2026, and the date appears to be a typographical error.  It appears that petitioner is likely referring to the immigration judge's February 24, 2026 order, as the letter submitted as evidence is dated February 19, 2026 (id. at 8) and petitioner's motion for reconsideration, submitted by respondents, is dated February 17, 2026 (ECF No. 13-1 at 5-11).

immigration judge's reliance on the arrest violates procedural due process because petitioner was never charged and there was no reliable evidence of dangerousness; (3) petitioner's detention violates substantive due process because her continued detention based on unsupported allegations is punitive; and (4) petitioner's continued detention based on an arrest that did not result in criminal charges is arbitrary and capricious.  ECF No. 12 at 5-6.  Respondent has moved to dismiss the petition on the grounds that petitioner has not named a proper respondent and she has not exhausted her administrative remedies.  ECF No. 13.  In her opposition, petitioner accuses respondents of "procedural nitpicking and inflammatory rhetoric" and argues that she has been detained for over six months despite the fact that there is no evidence of wrongdoing.  ECF No. 14.  Petitioner further reiterates her arguments regarding the sufficiency of the first bond hearing and argues that the denial of bond at her second hearing was arbitrary and capricious and any claim she is a flight risk is wholly speculative.  Id. at 3-4.  Petitioner also argues that exhaustion should be excused because it would be inadequate or futile because she has already been detained over six months based on an arrest that did not result in charges, the denial of bond was based on that arrest, and the second denial of bond based on "arbitrary reasoning regarding sponsorship."  Id. at 5.  She also asserts that requiring her "to pursue additional administrative procedures while she remains incarcerated would only prolong an already unjust detention."  Id.  Petitioner has also filed multiple requests for expedited review.  ECF Nos. 9, 15, 16.

III.     Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

////

////

3

IV.    Discussion

The parties are in agreement that petitioner is detained under 8 U.S.C. § 1226(a) and that she has already had two bond hearings. If an individual is "dissatisfied with the IJ's bond determination, they may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (alteration in original) (quoting Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008)). The threshold issue, therefore, is whether petitioner should be required to exhaust her administrative remedies by appealing the adverse bond determination to the Board of Immigration Appeals (BIA) before seeking habeas review in this court.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)).

> Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo, 646 F.3d at 1160. Exhaustion can be excused where "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting SEC v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)).

In considering the Puga factors, while the undersigned finds that agency expertise is not necessarily required to reach a proper decision, relaxing the exhaustion requirement would encourage bypassing administrative remedies, and there is no indication in the record that the agency would be unlikely to correct its own mistakes in the present circumstances. See Resendiz

4

v. Holder, No. 12-cv-4850 WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012) ("Allowing those who argue procedural errors in their custody or bond determinations to bypass the administrative process would disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims."); Aden v. Nielsen, No. 18-cv-1441 RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7. 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that Mr. Aden is a current danger and must be detained." (citing Morgan v. Gonzales, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007))).  The factors in this case weigh in favor of requiring exhaustion.  The undersigned finds that, like the noncitizen in Leonardo, petitioner is seeking "habeas review of the IJ's adverse bond determination before appealing to the BIA," and "[t]his shortcut [is] improper."  646 F.3d at 1160.

To the extent petitioner argues that exhaustion should be excused because it would be inadequate or futile (ECF No. 14 at 5), she fails to make a showing that any exception to the exhaustion requirement is justified.  Petitioner relies on her current detention and the IJ's bond denials but does not explain how they render an appeal to the BIA inadequate or futile.  To the extent she argues that she would suffer irreparable injury because having to appeal to the BIA will prolong her detention, the same could be said for any individual appealing a bond denial, and excusing exhaustion on that basis would cause the exception to swallow the rule.

The undersigned finds that exhaustion of administrative remedies is required in this case and that petitioner has failed to establish any valid exception to the exhaustion requirement.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for expedited review (ECF Nos. 9, 15, 16) are GRANTED to the extent findings and recommendations have now been issued.

IT IS FURTHER RECOMMENDED that:

1.  The amended petition for writ of habeas corpus (ECF No. 12) be DENIED without prejudice; and

2.  The Clerk of the Court be directed to close this case.

5

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE